UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

BRIAN STEWART,
   Plaintiff,

   vs.                                                      No. 08-1033

ROBERT EILER, et.al.,
   Defendants

### CASE MANAGEMENT AND MERIT REVIEW ORDER

      This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

      The plaintiff, Brian Stewart, has submitted a complaint pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at Pontiac Correctional Center. The plaintiff has named 15 defendants including Correctional Officers Robert Eiler, Burton Gestner, Michael Melvin, James Blackard and Jeffery Malnar; Warden Eddie Jones; Assistant Wardens Joseph Mathy and Robert Griffin; Illinois Department of Corrections (herein IDOC) Officer Brian Fairchild; IDOC Director Roger Walker, Investigations Officer Joseph Burke; Counselor Randall Flex; IDOC Deputy Director Barbara Hunt and Internal Affairs Investigators Jack Libby and Karl Webber.[1]

      The plaintiff states that he had warned the defendants that he was in danger at Pontiac Correctional Center, but they took no action. The plaintiff says some gang member inmates had threatened his life. On October 20, 2006, Defendant Gestner told Defendant Eiler to escort the plaintiff to the showers. The plaintiff says he was handcuffed and Defendant Eiler held him in front of a gang member's cell while the inmate repeated hit the plaintiff with something. The plaintiff says it was a "deadly weapon," but does not clarify other than saying the inmate had something in a sock. (Comp, p. 6) The plaintiff says he was injured in the assault and ended up losing one tooth and having a root canal on another. The plaintiff also allege that Defendant Eiler refused to get medical care for the plaintiff after the assault.

      The plaintiff clearly alleges that he either told each defendant in person or in writing that he was in danger, but no one took any action prior to the assault. The plaintiff has adequately alleged that the defendants failed to protect him. "Because officials have taken away virtually all of a prisoner's ability to protect himself, the Constitution imposes on officials the duty to protect those in

---

[1] The docket currently does not reflect that Eddie Jones, Joseph Mathy and Robert Griffin are defendants. The plaintiff named these three individuals as defendants on a separate sheet of paper within his complaint. The court will order the clerk to add these names to the docket.

their charge from harm from other prisoners." *Mayoral v. Sheahan*, 245 F.3d 934, 938 (7th Cir. 2001). However, to succeed, the plaintiff must show that a "substantial risk of serious harm" existed and that the guard subjectively disregarded that risk." *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994). Liability attaches under the Eighth Amendment when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. "[A] negligent failure to protect an inmate from harm by fellow inmates is not actionable under the Eighth Amendment or directly under the Due Process Clause." *Lewis El v. O'Leary*, 631 F.Supp. 60, 62 (N.D.Ill.1986)

The plaintiff has also alleged that Defendant Eiler was deliberately indifferent to his serious medical condition. The plaintiff must pass both an objective and a subjective test in order to establish that the defendants violated the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *Wilson v. Seiter,* 501 U.S. 294, 297 (1991). The first prong of the test requires the plaintiff to demonstrate that the alleged deprivation was sufficiently serious. *Id*. The second prong of the Eighth Amendment test requires the plaintiff to show that the defendants acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "[A] finding of deliberate indifference requires evidence that the official was aware of the risk and consciously disregarded it nonetheless." *Mathis v. Fairman*, 120 F.3d 88, 91 (7th Cir.1997)(citing *Farmer* at 840-42) Inadequate medical treatment due to negligence or even gross negligence does not support an Eighth Amendment violation. *Shockley v Jones*, 823 F.3d 1068, 1072 (7th Cir. 1987). In addition, inmates are not entitled to a specific type of treatment, or even the best care, only reasonable measures to prevent a substantial risk of serious harm. *Forbes v. Edgar,* 112 F.3d, 262, 267 (7th Cir. 1997).

The plaintiff says he is suing Defendants Jones, Mathy, Melvin, Walker and Libby in their official capacities because they failed to properly monitor and train correctional officers under their supervision which lead to the assault against the plaintiff. The mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). For a supervisor to be held liable under 42 U.S.C. § 1983, he "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye. . ." *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988).

Liability may exist under §1983 if an employee has not been properly trained and a constitutional wrong is caused by that failure to train. *City of Canton v Harris,* 489 U.S. 378, 387 (1989). In this case, the liability is not based on *respondeat superior,* but the supervisor's own actions or inactions which caused the harm. "It is only when the 'execution of the government's policy or custom...inflicts the injury' that the municipality may be held liable under §1983." *Springfield v. Kibbe,* 480 U.S. 257, 267 (1987) *quoting Monell v New York City Dept of Social Services,* 436 U.S. 658, 694 (1978). "A claim concerning an isolated incident is generally insufficient to sustain a claim for failure to train because those officials who were responsible for creating a policy must be on notice of the constitutional deficiencies."*McCurry v. Moore,* 242 F. Supp 2d 1167,1177 (N.D. Fla. 2002).

In this case, the plaintiff refers to only one event and makes no mention of any policy or

custom or training procedure. The plaintiff "avers absolutely nothing regarding any current training program or how one is inadequate to the tasks of the individual officer defendants" which the plaintiff claims the defendants supervised. *Corlessa v County of Chester,* 2005 WL 2780178 at 9 (E.D. Pa. 2005). The court does not believe the plaintiff has met his burden of properly putting the defendants on notice of the claims against them. *See* Fed. R. Civ. P. 8(a)(2). The court will dismiss this and any other intended official capacity claim. The plaintiff will be given leave to amend his complaint to allege specific facts supporting deliberate indifference with regard to his failure to train claim.

The plaintiff has properly alleged that Defendants Gestner and Eiler conspired to allow the other inmate to assault the plaintiff. Although less clearly stated, the plaintiff also alleges that Defendants Fairchild and Walker conspired by failing to respond to the plaintiff's claims that he was in danger in hopes of concealing the problem of gang attacks.

To demonstrate a conspiracy, the plaintiff must demonstrate that the defendants 1) reached an agreement (express or implied) to deprive the plaintiff of constitutional rights; and 2) the plaintiff suffered "'actual deprivations of those rights in the form of overt acts in furtherance of the agreement.'" *Libra v. City of Litchfield*, 839 F. Supp. 1370, quoting *Scherer v. Balkema*, 840 F.2d 437, 442 (7th Cir. 1988). In order to prove the existence of a civil conspiracy, a plaintiff is not required to provide direct evidence of the agreement between the conspirators; "(c)ircumstantial evidence may provide adequate proof of conspiracy." *Hoffman-LaRoche, Inc. v. Greenberg*, 447 F.2d 872, 875 (7th Cir.1971). *See also United States v. Varelli*, 407 F.2d 735, 741-42 (7th Cir.1969).

In addition, there are no heightened pleading requirements for a conspiracy claim, such as an overt act in furtherance of the conspiracy. *Walker v. Thompson*, 2002 WL 818853 (7th Cir. 2002)(prisoner not required to allege overt act in claim that defendants conspired to keep him past his release date). As with other claims, allegations of conspiracy are sufficient if they give "the bare minimum of facts necessary to put the defendant on notice of the claim so that he can file an answer. *Higgs v. Carver*, 286 F.2d 437, 438 (7th Cir. 2002). "[I]t is enough in pleading a conspiracy merely to indicate the parties, general purpose, and approximate date, so that the defendant has notice of what he is charged with." *Walker v. Thompson* at * 1.

**IT IS THEREFORE ORDERED that:**

**1) The clerk of the court is directed to add Defendants Eddie Jones, Joseph Mathy and Robert Griffin to this case. The defendants are named on page 2 of the complaint.**

**2) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims:**

   **a) Each named defendant failed to protect the plaintiff from assault by another inmate on October 20, 2006.**
   **b) Defendant Eiler was deliberately indifferent to the plaintiff's serious medical condition on October 20, 2006.**
   **c) Defendants Gestner and Eiler conspired to allow the other inmate to assault the**

    **plaintiff on October 20, 2006.**
    **d) Defendants Fairchild and Walker conspired to conceal inmate violence by refusing to respond to the plaintiff's claims that he was in danger.**
    **The claims are against the defendants in their individual capacities only.**

**2)  All other claims based on federal law, other than those set forth in paragraph (2) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.**

**3)  This case shall proceed solely on those federal claims identified in paragraph two above. Any claims not set forth in paragraph two above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**4) If the plaintiff believes he can properly allege a failure to train claim, he may file an amended complaint alleging facts to support this claim.  The plaintiff must submit the amended complaint within 20 days.**

**5) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.**

**6)  A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.**

**7)  The defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

    Entered this   **26th**  Day of February, 2008.


                              s\Harold A. Baker
                     _____
                              HAROLD A. BAKER
                        UNITED STATES DISTRICT JUDGE