E-FILED
Monday, 08 June, 2009  10:54:52 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

BRIAN STEWART,
   Plaintiff,

vs.  No. 08-1033

ROBERT EILER, et.al.,
   Defendants

## CASE MANAGEMENT ORDER

This cause is before the court for consideration of a tremendous number of motions to compel filed by the plaintiff in this case. [d/e 41-46, 50-52, 61-75].

### I. BACKGROUND

The pro se plaintiff filed his complaint pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at Pontiac Correctional Center. The plaintiff has named 15 defendants including Correctional Officers Robert Eiler, Burton Gestner, Michael Melvin, James Blackard and Jeffery Malnar; Warden Eddie Jones; Assistant Wardens Joseph Mathy and Robert Griffin; Illinois Department of Corrections (herein IDOC) Director Roger Walker; IDOC officer Brian Fairchild; IDOC Deputy Director Barbara Hunt; Investigations Officer Joseph Burke; Counselor Randall Flex and Internal Affairs Investigators Jack Libby and Karl Webber.

After merit review of the plaintiff's complaint, the court found the plaintiff had alleged the following claims:

   a) Each defendant failed to protect the plaintiff from assault by another inmate on October 20, 2006.
   b) Defendant Robert Eiler was deliberately indifferent to the plaintiff's serious medical condition on October 20, 2006.
   c) Defendants Burton, Gestner and Robert Eiler conspired to allow the other inmate to assault the plaintiff on October 20, 2006.
   d) Defendants Brian Fairchild and Roger Walker conspired to conceal inmate violence by refusing to respond to the plaintiff's claims that he was in danger.
   e) Defendants Roger Walker and Eddie Jones failed to properly train correctional officers which lead to the assault against the plaintiff.

The first four claims are against the defendants in their individual capacities only. The final claim against Defendants Walker and Jones is an official capacity claim. *See* February 26, 2008 Court Order, June 6, 2008 Court Order.

### II. MOTIONS TO COMPEL

1

Instead of filing one motion to compel, the plaintiff has filed repeated individual motions to compel for each defendant. The court also notes that the plaintiff has filed his motions to compel in three separate waves. The first six motions were filed between December 29, 2008 and December 31, 2008 [d/e 41-46] ; the second three motions were filed from January 29, 2009 to January 30, 2009 [d/e 50, 51, 52]; and the final 15 motions were all filed on April 27, 2009. [d/e 61- 75].

A. <u>FIRST SET OF MOTIONS TO COMPEL</u> [d/e 41-46]

DEFENDANT FLEX [d/e 41]: The plaintiff's first motion to compel alleges that Defendant Flex did not provide a proper response to Interrogatories # 7, 9 and 10. The defendant did not respond to this discovery motion, but the plaintiff has provided a copy of his requests and the defendant's responses.

Interrogatory #7 states: "On August 17, 2006, you were informed by Brian Stewart...while you made your monthly rounds that his life was in danger what did you do to ensure his safety under §3-7-4." The defendant responds that he does not recall the plaintiff telling him that his life was in danger. "You were talking about the disciplinary report you received for extortion. I am unable to answer the remainder of the interrogatory because I don't know what §3-7-4 is." (Ex. 1, Int. 7).

The answer is sufficient. The defendant does not recall the conversation in the same way the plaintiff does, so no further response is necessary. In addition, the plaintiff provides no proof that he made any effort to clarify his question before filing his motion. In the motion to compel, the plaintiff says he was referring to "720 ILCS 5/3-7-4." [d/e 41]. The plaintiff is referring to a portion of the Unified Code of Corrections concerning the Protection of Persons which simply states that IDOC shall develop rules and regulations to protect individuals. Even if the defendant had recalled the plaintiff stating that he felt he was in danger, this portion of the interrogatory is overly broad.

Interrogatory #9 says the plaintiff "filed a grievance with you were officers were conspiring with gang leaders to kill or physically assault (the plaintiff). What did you do to ensure Stewart security and safety under §3-7-4." (Ex I, Int. 9) The defendant has responded that he does not understand the first sentence. "In talking with Lt. Blackard, I learned that he had forwarded a letter containing your concerns for your safety and information regarding the alleged threats against your life to Internal Affairs for investigation. Lt. Blackard also pointed out that you were single-celled in a housing unit where all inmates are handcuffed and escorted while out of their assigned cells. I don't know what §3-7-4 is." (Ex I, Int. 9). Again, the plaintiff provides no evidence that he attempted to clarify his question and the court finds the response is adequate. The plaintiff also does not state why he needs any additional information.

Interrogatory #10 again makes reference to §3-7-4 and the plaintiff does not provide evidence that he clarified this question before filing his motion. The motion to compel is

2

denied.

DEFENDANT EILER [d/e 42]:   While the plaintiff lists Defendant Eiler as the main defendant, this motion to compel claims the defendants did not properly respond to his requests for production of documents.  The plaintiff is apparently objecting to the responses provided to all 8 of his requests.  However, the plaintiff provides no argument in favor of his motion to compel.

The first request asks for a copy of his release of medical records.  The court agrees this request is irrelevant to his claims and the plaintiff should have his own copy if he did sign such a release.  The plaintiff asks for documents showing that Karl Webber is "licensed in the medical field." (Ex. II, Req. 3).  The defendants have objected that this is not relevant to the plaintiff's claim that Defendant Webber failed to protect him from an assault.  The court agrees.  The plaintiff next asks for a copies of a written statement that he says he provided on certain specific dates. (Ex.II, Req. 3, 4) The defendants state they do not have these documents, but have agreed to provide a copy of the Investigation report.  The court cannot force defendants to provide a document they claim they do not have, but the defendants will not be allowed to use evidence that they failed to provide in response to a relevant discovery request.

The plaintiff's next request ask for any written requests made by the defendants to preserve the security video tape of October 20, 2006.(Ex. II, Req. 5).  The defendants state that no such request was made.  The defendants have answered the plaintiff's request.

The plaintiff asks for copies of any "follow up incident reports" concerning the plaintiff's security concerns from September 1, 2006.  The defendants say they do not have any such document. (Ex.II, Req. 6).   The plaintiff asks for similar reports concerning October 20, 3006.  The defendants respond that they have already provided these documents to the plaintiff. (Ex II, req 7).  The plaintiff does not dispute this in his motion.  Finally, the plaintiff asks for any photographs taken of the plaintiff's face after the assault on October 20, 2006.  (Ex. II, Req. 8) The defendants state there was no assault, so there were no pictures taken.

The motion to compel is denied.  The court notes there are several problems with the plaintiff's motion to compel.  First, the plaintiff has provided no evidence that he attempted to resolve any discovery disputes as required before filing his motions. Fed.R.Civ.P. 37(a)(1). When the defendant states that he does not understand the reference made in a question, it is the plaintiff's responsibility to explain it.  Second, the plaintiff provides no argument for why any specific response is inadequate.  The plaintiff simply provides a copy of his requests and the responses provided and asks the court to review each response.   This is not a proper motion to compel.  Nonetheless, since the plaintiff is proceeding pro se, the court has reviewed each request and response.

DEFENDANT WEBBER [d/e 43]: The plaintiff says he has not received a complete response to Interrogatories # 2, 11, 13 and 21.  The defendant did not provide a response to this motion, but the plaintiff has provided copies of the defendant's response to his interrogatories.

In Interrogatory #2, the plaintiff asks the defendant for the dates he received training. The defendant has answered that he has received training and is required to receive follow-up training on an annual basis, but the defendant says he does not remember the specific dates. The plaintiff has provided no argument to demonstrate why this information is relevant. (Ex. I, Int. 2).

In Interrogatory #11, the plaintiff asks "[i]n September of 2006 did you document an incident report pursuant to 20 Ill.Admin.Code §112.30. If so state the date of that incident report, if no state why you failed to document an incident report under §112.30." (Ex.I, Int. 11). The defendant states he is unable to provide a response because the interrogatory is vague. The court disagrees. The plaintiff is proceeding pro se. The defendant must state whether he is aware of filing any incident reports concerning the plaintiff in September of 2006. If so, the defendant must provide a copy of the report to the plaintiff.

In Interrogatory #13, the plaintiff asks a question regarding procedure used in an investigation. The defendants respond that the interrogatory is irrelevant because the "conditions you specify do not exist with regard to the individuals involved in the investigation of the assault you allege occurred on October 20, 2006." (Ex. I, Int. 13) The plaintiff has provided no further clarification. The answer is therefore sufficient.

In Interrogatory # 21, the defendants have responded to the interrogatory by providing the date of the only written statement taken. The motion to compel is granted in part and denied in part.

DEFENDANT MATHY [d/e 44]: The plaintiff alleges this defendant did not provide a complete response to Interrogatory #10. This defendant is asked to provide the dates of training he received concerning security and safety concerns "pursuant to 730 ILCS 5/3-7-4." (Ex I, Int. 10) The defendant first responded that he did not recall the dates he received training. In response to the motion to compel, the defendant states he has supplemented his response stating he has received at least 40 hours of training during each fiscal year that he has been employed. "However, he does not remember the names or dates of individual training he attended over those years." (Ex I, Int. 10)

DEFENDANT JONES [d/e 45]: The plaintiff says Defendant Jones did not fully answer Interrogatory #11. This defendant is also asked about the training programs he has received while employed by the Illinois Department of Corrections. His response is that he has received at least 40 hours of training during each fiscal year, but he does not remember he names and dates of each training session he has attended in the last 24 years.

DEFENDANT WALKER [d/e 46]: The plaintiff claims this defendant did not fully respond to Interrogatories # 5 -9. The plaintiff has provided no argument in favor of his motion. Each of the interrogatories asks the Director to provide the dates in which he provided training to other defendants for specific things such as "training to segregate gang leaders." (Ex. I). Some of these interrogatories do not appear to be relevant to the plaintiff's claims and the defendant has

responded that he did not personally provide training. However, each defendant received training at the training academy as well as periodic training.

The court will deny plaintiff's motions to compel # 44-46. However, the court is concerned that the plaintiff may not have received adequate responses to his questions concerning training. The plaintiff does have an official capacity claim alleging that Defendants Roger Walker and Eddie Jones failed to properly train correctional officers, and this lead to the inmate assault on the plaintiff. While the questions are broad and assume facts that may not be facts, the plaintiff is pro se and the defendants should also make a good faith effort to determine what exactly the plaintiff is requesting and respond to those requests if they are legitimate. Therefore, the court will require defense counsel to provide the following information to the plaintiff:

**1) What training regarding inmate safety/inmate assaults was required of all Correctional Officers at Pontiac Correctional Center from October of 2004 to October of 2006?**
**2) Who was responsible for conducting the training at Pontiac Correctional Center from October of 2004 to October of 2006? (If names were not documented, the defendants can simply provide the rank of the individuals providing the training or the name of the department responsible for arranging the training)**
**3) How does the department keep track of those individuals who have completed the training? Does the department have any records documenting the training of the correctional officers in this case?**
**4) Explain what involvement Defendant Walker and Defendant Jones had with training regarding inmate safety/inmate assaults for IDOC employees from October of 2004 to October of 2006.**

B. <u>SECOND SET OF DISCOVERY MOTIONS</u> [d/e 50, 51, 52]

SECOND MOTION TO COMPEL PRODUCTION OF DOCUMENTS [D/E 50]: The plaintiff says the defendants have not fully complied with three additional requests for production of documents. The court has reviewed the responses provided by the defendants and finds that they have provided sufficient responses to the requests. [Ex I] In addition, the plaintiff has failed to point to any particular problem with the responses, nor has he claimed the defendants did not provide the documents they claimed they provided to the plaintiff. The motion to compel is denied.

PLAINTIFF'S MOTIONS FOR LEAVE TO SERVE ADDITIONAL INTERROGATORIES [D/E 51, 52]: The plaintiff asks to submit additional interrogatories for Defendants Mathy and Webber. The plaintiff says defense counsel has refused to provide answers to any additional questions and the additional interrogatories are "vital" to his litigation. (Plain Motion, p. 1). The plaintiff has not provided a copy of his proposed interrogatories, nor has he stated what additional information he believes is needed.

The plaintiff also argues that he only proposed 21 interrogatories in his first set of

interrogatories to Defendant Webber and wants to ask five additional questions. The plaintiff says he only served 13 interrogatories on Defendant Mathy and wants to ask this defendant 10 additional questions.

The defendants respond that although the plaintiff may have numbered his paragraphs in this way, his interrogatories contained requests over the 25 allowed by Federal Rule of Civil Procedure 33(a)(1). The defendants have provided copies of the original discovery requests as well as the second set of interrogatories served on these defendants.

The court does not agree with the defendants' assessment of the number of interrogatories propounded. However, the since the plaintiff has not stated what specific information he needs, the court will not allow the plaintiff to exceed 25 interrogatories. The plaintiff's motions are granted in part. Therefore, the plaintiff may serve Defendant Webber with two additional interrogatories and may serve Defendant Mathy with the ten additional interrogatories requested. The plaintiff is admonished that each interrogatory must contain only one question. The court will allow the plaintiff 14 days to chose which of his interrogatories to serve, and will allow the defendants 30 days to respond**.**

C. <u>THIRD SET OF MOTIONS TO COMPEL</u>  [d/e 61- 75].

The plaintiff has filed 15 motions to compel against each of the named defendants stating that the defendants failed to respond to his Requests for Admission. The defendants object to each motion claiming the Requests for Admission were not timely.

On September 22, 2008, the court entered an order stating that all discovery must be completed on or before March 6, 2009. *See* September 22, 2008 Text Order. Nonetheless, the plaintiff did not send his 15 separate Requests for Admission to the defendants until February 25, 2009. The plaintiff did not file a motion asking for an extension of the discovery period prior to sending these requests. The defendants responded with a letter to the plaintiff stating they were objecting to the Requests as untimely. The defendants say they have 30 days to provide a response and therefore the discovery would not be completed within the discovery period.

The plaintiff has made no mention of the defendants objection, nor has he explained why he was unable to serve these requests earlier. In addition, the plaintiff has failed to explain specifically why the Request for Admission are important in the litigation of his case. The motions are denied. [d/e 61- 75]. The court has reviewed his Request for Admissions and does not believe he will be prejudiced if responses are not provided. Many simply repeat information the plaintiff already has in his possession. In addition, the plaintiff has vociferously participated in the discovery process and should be able to litigate his case without this additional step.

CONCLUSION

The court will deny plaintiff's motions to compel # 41, 42, 44, 45, 46, 50 and 61-75. The court will grant in part and deny in part plaintiff's discovery motions # 43, 51 and 52.

**The defendants must provide the following information to the plaintiff on or before July 30, 2009:**

1) Defendant Weber must state whether he is aware of filing any incident reports concerning the plaintiff in September of 2006. If so, the defendant must provide a copy of the report to the plaintiff.

2) The defendants must provide a response to the following questions:

a) What training regarding inmate safety/inmate assaults was required of all Correctional Officers at Pontiac Correctional Center from October of 2004 to October of 2006?
b) Who was responsible for conducting the training at Pontiac Correctional Center from October of 2004 to October of 2006? (If names were not documented, the defendants can simply provide the rank of the individuals providing the training or the name of the department responsible for arranging the training)
c) How does the department keep track of those individuals who have completed the training? Does the department have any records documenting the training of the correctional officers in this case?
d) Explain what involvement Defendant Walker and Defendant Jones had with training regarding inmate safety/inmate assaults for IDOC employees from October of 2004 to October of 2006.

**If the plaintiff wishes to submit additional interrogatories to Defendants Webber and Mathy, he must do so on or before June 22, 2009. The plaintiff may serve Defendant Webber with two additional interrogatories and may serve Defendant Mathy with the ten additional interrogatories requested. The plaintiff is admonished that each interrogatory must contain only one question. Since the plaintiff has already propounded his interrogatories, the court will allow him only 14 days to select which additional interrogatories he will submit to these defendants. If the plaintiff does not send the interrogatories to defense counsel on or before the June 22, 2009 deadline, the defendants will not be required to provide any further responses**. **No further discovery will be allowed.**

**IT IS THEREFORE ORDERED** that:

**1) Plaintiff's motions to compel # 41, 42, 44, 45, 46, 50 and 61-75 are denied.**

**2) Plaintiff's discovery motions # 43, 51 and 52 are granted in part and denied in part as outlined in this order.**

**3) The court will abide by the following scheduling deadlines:**

> **a) The plaintiff must submit any additional interrogatories as allowed in this order to Defendants Webber and Mathy on or before June 29, 2009. If the**

**plaintiff does not meet this deadline, no further interrogatory responses will be required.**
**b) Defendants Webber and Mathy must provide a response to the additional interrogatories allowed in this order 30 days after receipt.**
**c) The defendants must provide the further discovery responses outlined in this order to the plaintiff on or before July 30, 2009.   This concludes discovery in this case.**
**d) <u>The plaintiff must provide a response to the pending summary judgement motion on or before August 20, 2009.</u>**

Enter this 8th day of June, 2009.

.                                                            s\Harold A. Baker
                                              _____
                                                   HAROLD A. BAKER
                                              UNITED STATES DISTRICT JUDGE