UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

BRIAN STEWART, et. al.,
    Plaintiffs,

vs.                                   08-1033

ROBERT EILER, et al.,
    Defendants.

CASE MANAGEMENT ORDER

    This cause is before the court for case management. The defendants have filed a Suggestion of Death regarding Defendant Joseph Burke.

    The pro se plaintiff filed his complaint pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at Pontiac Correctional Center. The plaintiff has named 15 defendants including Correctional Officers Robert Eiler, Burton Gestner, Michael Melvin, James Blackard and Jeffery Malnar; Warden Eddie Jones; Assistant Wardens Joseph Mathy and Robert Griffin; Illinois Department of Corrections (herein IDOC) Director Roger Walker; IDOC officer Brian Fairchild; IDOC Deputy Director Barbara Hunt; Investigations Officer Joseph Burke; Counselor Randall Flex and Internal Affairs Investigators Jack Libby and Karl Webber. The only claim against Defendant Burke is a "catch-all" claim that each defendant failed to protect the plaintiff from assault by another inmate on October 20, 2006. The plaintiff has not specified how this individual was involved in his claim.

    The defendants suggestion of death was filed on May 26, 2009 and simply states that Defendant Burke has died during the pendency of this action. Several courts have held that "while Rule 25(a)(1) states only that the Suggestion of Death must give notice of the fact of death, the need to give the identify of the [representative] or [successor] of the deceased is implicit in the statute." *Arana v. Martin*, 1992 WL 71759 at 1(N.D. Ill Apr 1, 1992) On the other hand, [t]he requirement of identify a substitute has been criticized when there is no evidence of bad faith on the part of the party making the suggestion, and the opposing party has not promptly moved to substitute parties." *Crotty v. City of Chicago*, 1990 WL 151857 at 1(N.D. Ill. Jan. 10 1990).

    In this case, there is no evidence of bad faith on the part of the defendants. However, the plaintiff is proceeding pro se and the court will require more information for a proper suggestion of death. *See Walker v. Pistilli*, 1995 WL 151857 (N.D. Ill. Mar. 31 1995) Defense counsel must file a proper suggestion of death for Defendant Burke by providing information as to whether a personal representative has been or was appointed for the Defendant. This information must be provided to the court on or before June 30, 2009. Once the defendants provide information concerning the estate of Defendant Burke, the plaintiff will have 90 days to name a substitute defendant. *See* Fed.R.Civ.P. 25(a)(1).

    **T IS THEREFORE ORDERED that:**

1

**Defense counsel must inform the court whether a personal representative was appointed for Jospeh Burke, and if so, provide the name of that representative. This information must be provided on or before June 30, 3009.**

Enter this 8th day of June, 2009.

.
                                                          s\Harold A. Baker
                                        _____
                                              HAROLD A. BAKER
                                    UNITED STATES DISTRICT JUDGE